

ENTERED
09/27/2016

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| CHARLES ALBERT BUERGER JR. § | CASE NO: 16-30403 | |
| Debtor(s) § | | |
| § | CHAPTER 7 | |
| § | | |
| DIGITAL SIGNS WIZARDS, INC. § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 16-03102 | |
| § | | |
| CHARLES ALBERT BUERGER JR. § | | |
| Defendant(s) § | | |

## MEMORANDUM OPINION

Digital Signs Wizards, Inc. ("DSW") filed this adversary proceeding against Charles Buerger to except Buerger's debt to DSW from discharge pursuant to 11 U.S.C. § 523(a)(6). DSW moves for summary judgment on the basis that collateral estoppel requires the Court to determine Buerger's debt to DSW to be nondischargeable under § 523(a)(6). DSW's motion for summary judgment is granted.

### Jurisdiction

The District Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I); 4 COLLIER ON BANKRUPTCY ¶ 524.02[2][c] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("A proceeding to enforce the discharge injunction is a core proceeding under section 157(b)(2)(O) of title 28 . . . ."). Because this is a core proceeding, the Court has congressional authority to render a final judgment. Nevertheless, this Court may not issue a final order or judgment in matters within the exclusive constitutional authority of Article III courts. *Stern v. Marshall*, 564 U.S. 462, 502 (2011). Actions to determine the dischargeability of debt under § 523 fall within the Bankruptcy

Court's constitutional authority. *In re Cowin*, 538 B.R. 721, 729 (S.D. Tex. 2015); *see also In re Hart*, 564 F. App'x 773, 776 (6th Cir. 2014) ("[W]e held post-*Stern* that the bankruptcy court had authority to enter final judgment on dischargeability claims . . . ."). Accordingly, the Court has authority to enter a final judgment in this matter.

## Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). FED. R. BANK. P. 7056 incorporates FED. R. CIV. P. 56 in adversary proceedings. A party seeking summary judgment must demonstrate the absence of a genuine dispute of material fact by establishing the absence of evidence supporting an essential element of the non-movant's case. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009). A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Ben-Levi v. Brown*, 136 S. Ct. 930 (2016). Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence. *Keen v. Miller Envtl. Grp., Inc.*, 702 F.3d 239, 249 (5th Cir. 2012). "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Hemphill v.*

*State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 1715 (2016).

A party asserting that a fact cannot be or is genuinely disputed must support that assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support that fact. FED. R. CIV. P. 56(c)(1). The Court need consider only the cited materials, but it may consider other materials in the record. FED. R. CIV. P. 56(c)(3). The Court should not weigh the evidence. *Wheat v. Fla Par. Juvenile Justice Comm'n*, 811 F.3d 702, 713 (5th Cir. 2016). A credibility determination may not be part of the summary judgment analysis. *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014). However, a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. FED. R. CIV. P. 56(c)(2). Moreover, the Court is not bound to search the record for the non-moving party's evidence of material issues. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014).

"The moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 536 (5th Cir. 2015). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence entitling the movant to judgment at trial. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 326

(1986). Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact. FED. R. CIV. P. 56(c)(1); *Celotex*, 477 U.S. at 322–24. The non-moving party must cite to specific evidence demonstrating a genuine dispute. FED. R. CIV. P. 56(c)(1); *Celotex*, 477 U.S. at 324. The non-moving party must also "articulate the manner in which that evidence supports that party's claim." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). Even if the movant meets its initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

If the non-movant bears the burden of proof on an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim. *Celotex*, 477 U.S. at 325. Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Id.* at 324. The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## Background

DSW filed suit against Buerger in the 284th Judicial District Court of Montgomery County, Texas requesting damages and injunctive relief arising out of alleged breach of contract, breach of fiduciary duty, tortious interference, misappropriation of a trade secret, and attorneys' fees. (ECF No. 8 at 4). Trial of the state court lawsuit began on January 11, 2016. (ECF No. 8 at 3). The jury returned a verdict on January 14, 2016. (ECF No. 8 at 3). On January 25, 2016, Buerger filed for chapter 7 bankruptcy before the state court entered judgment. (Case No. 16-30403, ECF No. 1).

On March 4, 2016, this Court modified the automatic stay in Buerger's chapter 7 case, allowing the state court to enter its judgment. The state court entered a $2.3 million judgment against Buerger. (Case No. 16-30403, ECF No. 23 at 1). On May 12, 2016, DSW filed this adversary proceeding against Buerger seeking a declaration that DSW's damages are non-dischargeable under § 523(a)(6). (ECF No. 1 at 4). On July 19, 2016, DSW filed this motion for summary judgment, requesting the Court to declare DSW's damages and injunctive relief nondischargeable. (ECF No. 8 at 10).

DSW argues that the Court must grant summary judgment in its favor based on the collateral estoppel effect of the Montgomery County Court's judgment. (ECF No. 8 at 7). Additionally, DSW argues that Buerger's motion for new trial in state court does not affect this Court's duty to apply collateral estoppel. Buerger contends that the Montgomery County Court's judgment violates the Court's order modifying the automatic stay in the underlying Chapter 7 proceeding because it grants relief contrary to applicable state law and is not based on the pleadings as of January 25, 2016. (ECF No. 12 at 1). Because of this alleged violation, Buerger argues collateral estoppel does not apply; if true, the Court should deny DSW's motion for summary judgment. (ECF No. 12 at 16–17).

**Analysis**

The discharge in bankruptcy protects the "honest but unfortunate debtor" and gives the debtor a fresh start. *Grogan v. Garner*, 498 U.S. 279, 287 (1991). However, several types of debts are excepted from discharge for public policy reasons. These debts include liabilities the debtor incurred due to certain malfeasant activity. *See Cohen v. de la Cruz.*, 523 U.S. 213, 222 (1998). Congress codified this principle in 11 U.S.C. § 523(a). *Id.* (quoting *Grogan*, 498 U.S. at 287) ("The various exceptions to discharge in § 523(a) reflect a conclusion on the part of

Congress 'that the creditors' interest in recovering full payment of debts in these categories outweigh[s] the debtors' interests in a complete fresh start.'"). Section 523(a)(6) excepts from discharge debts "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The burden of proof is on the creditor to establish "by a preponderance of the evidence that his claim is not dischargeable . . . ." *Grogan*, 498 U.S. at 286.

***Collateral Estoppel***

DSW contends that collateral estoppel bars the relitigation of the issue of Buerger's willful and malicious conduct and thus satisfies the elements of § 523(a)(6). (ECF No. 8 at 7). Collateral estoppel is appropriate in bankruptcy dischargeability cases to avoid relitigation of issues already resolved in state court. *In re Eichelberger*, 12 F.3d 1097 (5th Cir. 1993). When an issue was previously litigated under state law, a bankruptcy court applies the law of collateral estoppel of the relevant state. *Hicks v. Quaker Oats Co.*, 662 F.2d 1158, 1166 (5th Cir. 1981). Full faith and credit principles require the bankruptcy court to give effect to a state court judgment on the issue. 28 U.S.C. § 1738; *see also In re Vollbracht*, 276 F. App'x 360, 364 (5th Cir. 2007).

Collateral estoppel, also known as issue preclusion, "bars relitigation of any ultimate issue of fact which was litigated and essential to the judgment in a prior suit." *Francis v. Marshall*, 841 S.W.2d 51, 54 (Tex. App. 1992). Collateral estoppel applies when: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action, (2) those facts were essential to the judgment in the first action, and (3) the parties were cast as adversaries in the first action. *Calabrian Corp. v. All. Specialty Chemicals, Inc.*, 418 S.W.3d 154, 158 (Tex. App. 2013). The underlying principle of collateral estoppel is that facts which

have been fully litigated should not be retried. *In re Lutfak*, 536 B.R. 765, 770–71 (Bankr. S.D. Tex. 2015).

At issue in this proceeding is the first element of the collateral estoppel doctrine: whether the facts sought to be litigated in the second action were fully and fairly litigated in the first action. Under Texas law, an issue is "fully and fairly litigated" when it is properly raised, by the pleadings or otherwise, submitted for determination, and determined. *Van Dyke v. Boswell, O'Toole, Davis Pickering*, 697 S.W.2d 381, 384 (Tex. 1985).

The issue of Buerger's willful and malicious conduct was fully and fairly litigated in state court. The state court found DSW's claims to be properly raised and submitted those claims to the jury (ECF No. 8-2 at 2; ECF No. 8 at 4):

> Question 14: "Do you find by clear and convincing evidence that the misappropriation was wilful and malicious?"
>
> Answer: "yes."

(ECF No. 8-2 at 19). The state court then entered a final judgment based on this finding. (ECF No. 8-3 at 2). The state court entered this judgment after listening to arguments and objections from both DSW and Buerger. (ECF No. 8-3 at 2).

Contrary to Buerger's argument, a pending appeal of the state court's judgment does not preclude the application of collateral estoppel; "a judgment is final for purposes of collateral estoppel even if an appeal is pending." *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986); *Mid-Continent Cas. Co. v. Safe Tire Disposal Corp.*, 2 S.W.3d 393, 396 (Tex. App. 1999).

Because the jury found in favor of DSW on its willful and malicious injury claim by clear and convincing evidence, and the state court entered a final judgment on that claim, the Court finds that the issue of Buerger's willful and malicious conduct was fully and fairly litigated in state court and thus fulfills the first element of collateral estoppel. (ECF No. 8 at 4). *See, e.g., Cole v. G.O. Associates, Ltd.*, 847 S.W.2d 429, 431 (Tex. App. 1993), *writ denied* (June 30, 1993) ("We find the facts in Cole I were fully and fairly litigated because: the parties had a jury trial; the jury found Cole was 100% at fault; and the court entered a final judgment.").

The Court finds that the factual issues surrounding Buerger's actions were essential to the state court judgment. The state court jury based its award to DSW on its finding that Buerger's conduct caused the harm alleged in DSW's claims. (ECF No. 8-2 at 19–20; ECF No. 8 at 9). The Court also finds that the parties were cast as adversaries in the first action, as they were the opposing parties within the state court case. (ECF No. 8-1 at 2).

The Court concludes that DSW met its burden of showing no genuine dispute as to the non-dischargeability of the state court damages under § 523(a)(6) by meeting the elements of collateral estoppel under Texas state law.

*Modification of the Automatic Stay*

Buerger contends that entry of the state trial court's judgment violated the automatic stay, as modified by this Court's order, because it granted relief that is contrary to the order. (ECF No. 12 at 1). Buerger contends that—because the judgment was entered in violation of the stay—collateral estoppel would be inapplicable to the dischargeability of DSW's damages. Because the automatic stay "freezes in place all proceedings against the debtor, and because only an order of the bankruptcy court can authorize any further progress in the stayed proceedings, it follows that the continuation of any proceeding can derive legitimacy only from the bankruptcy

court order." *Casperone v. Landmark Oil & Gas Corp.*, 819 F.2d 112, 114 (5th Cir. 1987). The terms of an order modifying the automatic stay must therefore be strictly construed. *Id.*

The Court's order modifying the stay authorized the litigation to proceed to a judgment in accordance with state law. The precise language in dispute in the order modifying the automatic stay is that the state court "may enter a judgment on the jury verdict . . . in accordance with applicable state law, and may grant such other and further relief that is appropriate based on the pleadings filed in the 284th Judicial District Court, if such pleadings were filed prior to January 25, 2016." (Case No. 10-03682, ECF No. 13). This order allows the state court to enter a judgment on the jury verdict. Although the order required that any judgment must be issued in accordance with state law, that is a conclusion obviously reached by the State Court. We are bound by that determination. Unless the state court judgment is successfully appealed, and the judgment is modified or vacated, Buerger's debt to DSW will be excepted from discharge.

Accordingly, the Court leaves it to the Texas trial and appellate courts to apply applicable state law to the judgment.

## Cautionary Note

If Buerger succeeds on appeal, this Court's discharge judgment will be reconsidered. DSW, if it chooses to enforce the state court judgment, will do so with all of the burdens imposed by state law on a plaintiff who exercises collection rights on a judgment that is later reversed.

## Conclusion

The Court will issue an Order consistent with this Memorandum Opinion.

SIGNED **September 26, 2016.**

                                              Marvin Isgur
                                UNITED STATES BANKRUPTCY JUDGE

SIGNED **September 26, 2016.**

                                              Marvin Isgur
                                UNITED STATES BANKRUPTCY JUDGE

SIGNED **September 26, 2016.**

                                              Marvin Isgur
                                UNITED STATES BANKRUPTCY JUDGE